**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JAN 4 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JORGE BALDERAS-JARAMILLO, AKA Jaramillo Balderas, AKA Jorge Edwardo Balderas, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.    14-72661 <br><br> Agency No. A205-319-390 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted December 7, 2017[**]
Pasadena, California

Before:  KELLY,[***] CALLAHAN, and BEA, Circuit Judges.

Petitioner Jorge Balderas-Jaramillo ("Petitioner"), a native and citizen of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Mexico, petitions for review of an Immigration Judge's ("IJ") concurrence in a Department of Homeland Security ("DHS") asylum officer's determination he lacked a reasonable fear of persecution or torture in Mexico. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

Petitioner claimed he feared that Mexican police or military would confuse him for a gang or cartel member, due to his tattoos, and therefore kidnap and torture him. The IJ found that Petitioner's feared harm did not bear any nexus to a protected ground and that Petitioner did not state more than a speculative fear of torture by or with the acquiescence of government officials. We review this determination by the IJ for substantial evidence. *Andrade–Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

Substantial evidence supports the IJ's determination. First, Petitioner argues that his fear of persecution is based on a protected ground because his gang tattoos identify him as part of a particular "social group," namely "former gang member[s]." But tattooed former gang members do not constitute a particular social group. *Arteaga v. Mukasey*, 511 F.3d 940, 945–46 (9th Cir. 2007) ("'Tattooed gang member' falls outside the Ninth Circuit's definition of social group."). Furthermore, Petitioner does not cite to any record evidence that the Mexican government would harm him based on any imputed political opinion, as opposed to imputed gang affiliation, which is not a protected ground.

14-72661

Second, Petitioner fails to point to any record evidence to show that he faces a "particularized threat of torture . . . beyond that of which all citizens of [the country of removal] are at risk," *Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008), or to show a non-speculative possibility that he will be tortured with the involvement or acquiescence of the Mexican government, 8 C.F.R. § 1208.18(a)(1). Even assuming that this argument is not therefore waived, *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994), the submitted country materials mostly describe generalized strife and are, at best, ambiguous as to the significance of tattoos. It is the province of the agency to interpret ambiguous country condition materials. *See Sowe v. Mukasey*, 538 F.3d 1281, 1286 (9th Cir. 2008).

Petitioner further argues he is entitled to a "well-reasoned decision" under 8 C.F.R. § 208.31(g), and the IJ's two-sentence decision was therefore inadequate. But nothing in the text of § 208.31(g) facially requires the IJ's decision to take any particular shape or form,[1] and Petitioner cites no authority for reading such a requirement into the regulation. This argument is therefore waived. *Greenwood*,

---

[1] The regulation states, in pertinent part, only that "[i]f the immigration judge concurs with the asylum officer's determination that the alien does not have a reasonable fear of persecution or torture, the case shall be returned to the Service for removal of the alien," and "[n]o appeal shall lie from the immigration judge's decision." 8 C.F.R. § 208.31(g)(1).

14-72661

28 F.3d at 977 ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . .").

Finally, this court lacks jurisdiction to review Petitioner's challenges to the underlying removal order—that is, whether Petitioner was removable as an aggravated felon because of his 2014 California robbery conviction, and whether the agency denied him due process in so finding—because Petitioner failed to exhaust remedies provided to him by right under 8 C.F.R. § 238.1. Apparently to attack collaterally the underlying administrative removal order, Petitioner argues that the government violated 8 U.S.C. § 1228 in failing to give him a legal aid list to facilitate access to pro bono counsel,[2] and in failing to give him an opportunity to inspect and rebut the government's evidence against him.

However, this court has held that 8 U.S.C. § 1252(d)(1) requires exhaustion of due-process-style claims that are "procedural in nature," such as "absence of counsel and lack of opportunity to present a case." *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Exhaustion is a jurisdictional requirement. 8 U.S.C. § 1252(d) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."). Pursuant to 8 C.F.R. § 238.1, Petitioner had a right to file a response to the government's charges, within ten calendar days, to "rebut[] the allegations supporting the charge

---

[2] On the contrary, the record contains a copy signed by Petitioner.

14-72661

and/or request[] the opportunity to review the Government's evidence." The Notice of Intent served upon Petitioner advised him of his right to respond under 8 C.F.R. § 238.1; Petitioner simply failed to avail himself of that right. Because Petitioner's challenges to the underlying removal order are "procedural in nature"—and the alleged deficiencies could have been resolved through the remedies available to him as of right under 8 C.F.R. § 238.1—this court lacks jurisdiction to review them under 8 U.S.C. § 1252(d)(1).

**PETITION DENIED**.

14-72661